1
2
3
4                  **UNITED STATES DISTRICT COURT**

5                         **DISTRICT OF NEVADA**

6

7   ALFONSO VILLALOBOS,                    )
                                           )        2:13-cv-00391-APG-CWH
8                   Plaintiff,             )
                                           )        **ORDER**
9   vs.                                    )
                                           )
10  CLARK COUNTY DEPARTMENT                )
    OF SOCIAL SERVICES,                    )
11                                         )
                    Defendant.             )
12  _____)

13          This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* (#9),

14  filed June 21, 2013.

15                              **BACKGROUND**

16          Plaintiff Alfonso Villalobos alleges that the Clark County Department of Social Services

17  ("CCSS") violated his constitutional due process rights when it denied his application for financial

18  assistance.  Plaintiff's complaint is not a model of clarity.  It appears that at some time prior to February

19  17, 2011, Plaintiff applied for benefits from CCSS.  Plaintiff alleges that on or about February 17, 2011,

20  CCSS denied his application on the ground that he did not qualify for assistance because he did not

21  have a state issued photo identification card.  Believing his temporary permanent residential photo

22  identification card issued by the Department of Homeland Security on or about February 8, 2011 was

23  sufficient, Plaintiff appealed the denial on or about February 25, 2011.  On February 28, 2011, Plaintiff

24  alleges that he went to the CCSS office and requested to speak to a supervisor regarding the applicable

25  regulations and factual basis for the denial.  Plaintiff claims he was told to withdraw his appeal and

26  reapply for assistance.  Thereafter, on March 8, 2011, CCSS issued a second denial because Plaintiff

27  did not have valid government issued photo identification indicating a Clark County residential address.

28  Plaintiff claims that he never received notification of his appeal rights because he became homeless.

    Ultimately, Plaintiff claims the denials deprived him of property without due process in violation of the

constitutional, statutory, and regulatory provisions.  He requests that this Court reverse the underlying denial and award the requested financial benefits.

## DISCUSSION

### I.   Application to Proceed In Forma Pauperis

Plaintiff filed his original application to proceed *in forma pauperis* on March 7, 2013.  (#1).  It was denied without prejudice because it was incomplete.  (#7).  Plaintiff filed a new, complete application to proceed *in forma pauperis* on June 21, 2013.  (#9).  The undersigned has reviewed the application (#9) and finds that Plaintiff is unable to pre-pay the filing fee.  Consequently, the request to proceed *in forma pauperis* is granted.

### II.   Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a).  Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Generally, if a complaint is dismissed Plaintiff should be given leave to amend the complaint to cure its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.  *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).  In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff.  *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A formulaic recitation of the elements of a cause of action is

insufficient.  *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.*  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### A.    Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution or statute.  *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Plaintiff has not pled facts which would support jurisdiction under section 1332.

Pursuant to 28 U.S.C. § 1331, federal courts also have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 963 L.Ed.2d. 318 (1987).  Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*  Plaintiff alleges he has been denied property without due process of law in violation of constitutional, statutory, and regulatory provisions.  However, he has not identified any amendment, statute, or regulation under which he brings his claims.  Owing to the Court's obligation to broadly construe the pleadings filed by pro se litigants, the Court will review Plaintiff's

3

1    claim that his procedural due process rights were violated.

2        **B.    Procedural Due Process**

3        As noted, Plaintiff's complaint is not a model of clarity and does not clearly identify what

4    constitutional right he believes was violated.  Plaintiff does, however, allege near the end of his

5    complaint that CCSS improperly "deprived [him] of property without due process [o]f law..."  Thus, it

6    appears Plaintiff is attempting to allege a Fourteenth Amendment procedural due process violation.

7    "The Fourteenth Amendment's guarantee of procedural due process protects individuals from erroneous

8    or unjustified deprivations of life, liberty, or property, and assures them that the government deals with

9    them fairly."  *Knudson v. City of Ellensberg*, 832 F.2d 1142, 1145 (9th Cir. 1987) (citation omitted).

10   Generally, when reviewing a procedural due process claim the Courts apply a two step analysis - (1)

11   whether there a liberty or property interest exists entitling the individual to due process and (2) if so,

12   what process is due.  *Id*.

13       In *Board of Regents v. Roth*, 408 U.S. 564 (1972), the Supreme Court discussed the

14   characteristics of a constitutionally protected property interest: "Property interests, of course, are not

15   created by the Constitution.  Rather, they are created and their dimensions are defined by existing rules

16   or understandings that stem from an independent source such as state law-rules or understandings that

17   secure certain benefits and that support claims of entitlement to those benefits."  *Id*. at 577.   The

18   procedural component of the Due Process Clause does not protect everything that might be described as

19   a benefit.  "To have a property interest in a benefit, a person must have more than an abstract need or

20   desire" and "more than a unilateral expectation of it.  He must, instead, have a legitimate claim of

21   entitlement to it."  *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 756 (2005) (citation omitted).

22   Here, though it has it has long been established that recipients of welfare benefits possess a property

23   interest that cannot be terminated without due process (*see e.g. Raditch v. United States*, 929 F.2d 478,

24   480 (9th Cir. 1991) (citing *Goldberg v. Kelly*, 397 U.s. 254, 262 (1970)), Plaintiff has not sufficiently

25   pled that he has a legitimate claim of entitlement to the benefits he seeks.  He has simply unilaterally

26   declared that he is entitled to the benefits.  He may well be, but a unilateral declaration unsupported by

27   any facts or reference to an identifiable source from which the right springs is insufficient at the

28   pleading stage.   "While legal conclusions can provide the framework of a complaint, they must be

4

supported with factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). *Id.*

There is no allegation that Plaintiff is challenging the denial or termination of benefits that had already been awarded. Even assuming he did, the allegations in the complaint remain insufficient to support a due process violation claim. Generally, a violation of due process occurs when an individual is denied a constitutional protected property right without being afforded an opportunity to be heard. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S. Ct. 1487, 1493, 84 L. Ed. 2d 494 (1985). "An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* (citations omitted). The Supreme Court has described the "root requirement" of the Due Process Clause as being "that an individual be given an opportunity for a hearing before he is deprived of any significant property interest." *Id.* (citation omitted). Based on the complaint, it does appear that Plaintiff was given an opportunity to be heard prior to any denial of benefits. Plaintiff has not alleged that the notice and opportunity were insufficient or did not provide the opportunity to be heard at a meaningful time and in a meaningful manner. The facts contained within the complaint demonstrate that Plaintiff twice requested review of the decision, but withdrew the first appeal and, apparently, did not attend the second.

Ultimately, the Court is unable to determine whether Plaintiff can state a claim upon which relief can be granted because the complaint does include sufficient factual detail. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#9) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed without prejudice and with leave to amend**. Plaintiff shall have until **Friday, February 28, 2014** to file an Amended Complaint correcting the noted deficiencies. Failure to comply with this Order may result in a

recommendation that the case be dismissed.

Dated: January 29, 2014.

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE